IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
DEC 21 2010
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

WILLIAM F. RUSSELL, JR.,             )
                                     )
        Appellant,                   )
                                     )
v.                                   )    1:10cv1362 (LMB/IDD)
                                     )
THE BANK OF NEW YORK MELLON FKA      )
THE BANK OF NEW YORK, AS TRUSTEE     )
FOR THE CERTIFICATEHOLDERS CWABS,    )
INC. ASSET-BACKED CERTIFICATES,      )
SERIES 2006-11, et al.               )

## MEMORANDUM OPINION

Before the Court is Debtor William F. Russell, Jr.'s Motion for Leave to Appeal, in which he seeks permission to file an interlocutory appeal of the bankruptcy court's denial of his Chapter 13 reorganization plan. For the reasons stated in open court and further explained in this Memorandum Opinion, the motion has been denied.

### I. Background

On March 9, 2010, Russell filed a voluntary petition for bankruptcy reorganization under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Virginia. The Bank of New York Mellon f/k/a The Bank of New York, As Trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2006-11, et al., ("BONY") holds a first-lien deed of trust with an approximate balance of $400,241 on a piece of Russell's real property, located in Woodbridge, Virginia. The property is not Russell's residence. In his proposed modified Chapter 13

reorganization plan,[1] filed on September 1, 2010, Russell values the real property at $232,401 and proposes to satisfy that obligation by delivering a promissory note to BONY for that amount, payable over 30 years in monthly installments at an interest rate of 4.5 percent.[2] BONY objected to the reorganization plan and both BONY and Thomas P. Gorman, the Trustee, oppose Russell's effort to file an interlocutory appeal of the bankruptcy court's decision. The bankruptcy court denied confirmation of Russell's reorganization plan, holding that a debtor cannot satisfy a debt under Chapter 13 merely by issuing a new promissory note because "the creditor will not, within the maximum 60-month term of a chapter 13 plan, receive payments having a value equal to the allowed claim." Order Denying Confirmation at 2.

## II. Discussion

"When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." KPMG Peat Marwick, L.L.P. v. Estate of Nelco, 250 B.R. 74, 78 (E.D. Va. 2000). Specifically, a party

---

[1] This modified plan replaced an unconfirmed plan submitted on April 5, 2010.

[2] BONY does not dispute that the value of the real property has depreciated to $232,401.

2

seeking leave to file an interlocutory appeal must satisfy three requirements: "1) the order involves a controlling question of law, 2) as to which there is a substantial ground for a difference of opinion, and 3) immediate appeal would materially advance the termination of the litigation." Id.

Russell argues that he satisfies all three requirements of §1292(b). Gorman and BONY do not dispute that Russell satisfies the first requirement because confirmation of the bankruptcy plan depends entirely on the legal question of whether a debtor's issuing a new promissory note satisfies a debt under Chapter 13.[3] Russell also satisfies the third requirement because an appeal would materially advance the termination of this litigation. If the bankruptcy court decision were affirmed, Russell would be required to file an amended plan; if the decision were reversed, the plan would be confirmed.

The parties disagree about whether Russell has satisfied the second requirement for appeal, that is whether he has established that there is a substantial ground for difference of opinion as to whether the proposed reorganization plan conforms to the requirements of Chapter 13. Under that chapter, a reorganization plan "may not provide for payments over a period that is longer than five years." 11 U.S.C. § 1322(d). Alternatively, a debtor

---

[3] Gorman and BONY's briefs focus entirely on the merits of Russell's argument.

3

may satisfy a debt by providing "property" whose value is equal to the amount of the claim. 11 U.S.C. § 1325(a)(5)(B)(ii). Russell argues that the new promissory note would constitute "property" under the Bankruptcy Code and therefore satisfy the debt within five years.

In support of his reorganization plan, Russell cites only one authority: a concurring opinion by Justice Thomas, in which he stated that to satisfy a bankruptcy debt, "'property' can be cash, notes, stock, personal property or real property; in short, anything of value." Till v. SCS Credit Corp., 541 U.S. 465, 488 (2004). The bankruptcy court did recognize that under some circumstances a note may qualify as property, giving as an example a note made payable to the debtor; however, the bankruptcy court rejected Russell's argument that his note qualified as property concluding that "the debtor's own note - which at bottom simply substitutes one promise to pay for an existing one - does not satisfy the requirement that the creditor receive, within the terms of the plan, property having a present value equal to its allowed secured claim." Opinion at 2.

Russell fails to cite to any authority that would allow a debtor to satisfy an existing debt by simply issuing a new note. Such a conclusion would contradict the entire purpose of a 60-month time limit on Chapter 13 reorganization. As BONY correctly argues, "to replace a note that is payable by the debtor with a

new note that is payable by the debtor is not delivering property to the secured debtor. It is simply a modification of the existing debt, which is secured by the current deed of trust on the property." Opp. to Debtor's Mot. for Leave to Appeal at 2. Because Russell has failed to demonstrate that there is a substantial ground for difference of opinion as to whether a new, 30-year promissory note issued by the debtor could satisfy an existing debt within five years, an interlocutory appeal would be improper.

### III. Conclusion

For the reasons stated above and in open court, the Motion for Leave to Appeal [Dkt. No. 1] has been DENIED.

Entered this 21st day of December, 2010.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge